In the Matter of Convent of the Sisters of Mercy et al., Petitioners, against Laura Barbieri, Respondent.

Supreme Court, Special Term, Queens County, February 14, 1950.

*Francis M. McGoldrick* for Convent of Sisters of Mercy, petitioner.

*John P. McGrath, Corporation Counsel* (*Philip Sokol* and *David S. Rosenberg* of counsel), for Raymond M. Hilliard, as Commissioner of Welfare of City of New York, petitioner.

*Stanley M. Lazarus* for respondent.

*Frederick L. Kane* for Catholic Home Bureau for Dependent Children, *amicus curiæ*.

Colden, J. This is a habeas corpus proceeding involving the custody of a five-year-old female child. On January 28, 1946, this child was placed by the commissioner of welfare of the City of New York in the custody of the petitioner, Convent of the Sisters of Mercy in Brooklyn, which conducts the Angel Guardian Home. Thereafter on July 14, 1948, she was placed in the home of respondent as a boarding child under the terms of an application dated February 25, 1947, which was also executed by her husband, and which contained the following

provision: "We do hereby agree to accept children for board, subject to the rules of the boarding out department of Angel Guardian Home, a copy of which is in our possession."

The petitioner convent requested the return of the child in August, 1949, that she may be placed for adoption, but this was refused, necessitating this proceeding in which the commissioner of welfare of the City of New York was permitted to join as a party petitioner upon oral motion granted by the court at the hearing.

There is no question here of the respondent's *legal right* to custody. She has none. The fundamental question presented herein is whether the court, in the exercise of its paternal jurisdiction, pursuant to which it is its duty to provide " for the best interests " of the child " after the manner of a wise, affectionate and prudent parent " (*People ex rel. Herzog* v. *Morgan,* 287 N. Y. 317, 320) should uphold the petitioners' attempt to regain the child even though the respondent has provided the child with a fine home, great care and genuine affection, has the means and is willing to use them for her benefit, and is in every way a fit person to adopt her except that under the established rules and practices of the petitioners, she does not qualify as to the age requirements, having been born in April, 1902, and her husband in September, 1898.

As to the particular child involved in this proceeding, the record does not indicate who her proposed foster parents are, if any have been selected, nor of course, the environment which will be hers after adoption. If this were an isolated instance, this court would have no difficulty in holding that upon the record the best interests of this child would be provided by permitting her to remain where she is. However appropriate and pleasing such a determination would be in this case, it would, if sustained, establish a precedent applicable to all similar situations to the possible detriment of hundreds, perhaps thousands, of little children who might be deprived of the great benefits which are afforded through the boarding-out system of the petitioners.

It follows that the reluctant answer to the foregoing question must be in the affirmative else the effectiveness of the placement and adoption programs established by public and private welfare agencies be impaired. That is the large consideration in this controversy and not the particular circumstances of this case, nor the economic and other advantages which the child could enjoy, if permitted to remain with the respondent. Any other result would give a boarding parent the right to substitute

her discretion and judgment for that of the public welfare officials and authorized agencies as to what is best for the welfare of the child, and destroy their supervision and control generally.

The writ is accordingly sustained and the respondent directed forthwith to surrender the child. Proceed on notice.