In the Matter of the Adoption of MICHAEL D.,* a Foster Child. FRED W. TEETSELL et al., Appellants; DEPARTMENT OF SOCIAL SERVICES OF LIVINGSTON COUNTY, Respondent.

Fourth Department, July 1, 1971.

*Robert L. McAllister* for appellants.

*George C. Teall, County Attorney,* for respondent.

CARDAMONE, J.  Petitioners-appellants, Fred and Wilma Teetsell, are of the Mormon faith and at the time of the petition were 58 and 46 years old respectively.  They appeal from an order of the Family Court of Livingston County which denied, on the grounds of their age and religion, appellants' petition to adopt " Michael D." living with them since four days following his birth out-of-wedlock to a Roman Catholic mother on December

---

* Name used fictitious for purpose of publication.

30, 1967. They obtained custody on January 3, 1968 by reason of a foster care placement by the Department of Social Services of Livingston County and on October 21, 1969 petitioned Family Court for an order approving adoption.

Recent amendments to the Social Services Law (§ 373, subd. 7) and the Family Court Act (§ 116, subd. [g]) enacted by chapter 494 of the Laws of 1970 eliminate any requirement that the religious matching requirements contained in the previous respective subdivisions of these statutes be applied mandatorily. The amendments provide that the statutes are to be applied so as to give effect to the religious wishes of the natural mother " so far as consistent with the best interests of the child, and where practicable ". The religious preferences of the natural parent are thus subordinated to the best interests of the child which are paramount (*Matter of Dickens* v. *Ernesto,* 36 A D 2d 102). We observe, however, that where a child has been placed with an adoption agency or social services department with a request that the child be released for adoption to a couple of specified religious faith or sect, in the spirit of the statute serious effort should be made in each case to place the child in accordance with such instruction. The report of the Department of Social Services of Livingston County, appointed by the Family Court to investigate the truth and accuracy of the allegations in the adoption petition, amply supports its recommendation that the adoption be approved. Thus, the fact that petitioners are of the Mormon faith and the child baptized a Roman Catholic is not a reason to deny adoption where the best interests of the child will be served by the adoption.

Similarly, the age of the prospective adoptive parents is one of a number of factors considered, but it is not decisive. There is no statutory requirement in the law, nor any criterion established in the decided cases respecting the disqualification to adopt on account of age. Each petition is determined on its own facts and merits. Since an adult, unmarried person may adopt (Domestic Relations Law, § 110) the age of both prospective adoptive parents may appropriately be considered. While Mr. Teetsell is presently 59 years old, Mrs. Teetsell is 47 years old and both are in good health. Considering petitioners' respective ages and health, they are not disqualified from being adoptive parents because of age (*Matter of Sisters of Mercy* v. *Barbieri,* 200 Misc. 112).

We do not find the other reasons relied upon by the Family Court sufficient to disqualify petitioners from becoming adoptive parents in this case.

Moreover, this youngster has lived with petitioners for all three years and six months of his life. Petitioners are the only parents he has ever known, and their home is the only home he has ever known. The record clearly reveals that the petitioners' home offers a suitable environment for a growing child and Mr. and Mrs. Teetsell are well qualified in every respect to be his adoptive parents. Plainly, the child's best interests will be served by permitting him to be adopted by these petitioners.

Accordingly, the determination of the Family Court should be reversed and the petition granted.

GOLDMAN, P. J., MARSH, WITMER and MOULE, JJ., concur.

Order unanimously reversed on the law and facts without costs, petition granted and matter remitted to Livingston County Family Court for implementation of this decision.