In the Matter of the Adoption of Infant S. EMANUEL TRETIN et al., Appellants.

First Department, July 3, 1975

*Raymond G. Leffler* of counsel *(Joseph Spencer* with him on the brief; *Leffler & Landau,* attorneys), for appellants.

*Leonard Koerner* of counsel *(L. Kevin Sheridan* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for respondent.

*Russell I. Lynn* of counsel *(Katherine McDonald* with him on the brief; *William E. Hellerstein* and *Charles Schinitsky,* attorneys), for the adoptive infant.

TILZER, J. Petitioners Emanuel and Ruth Tretin, ages 57 and 63 respectively, seek to adopt a 9-month-old child. The adoption was arranged privately and the infant has been

living with petitioners since a few days after her birth. Consents to the adoption were signed by the 15-year-old natural mother and by her mother. The record establishes that the natural mother and grandmother were told of petitioners' background prior to signing consents and although given the opportunity, they declined to meet with petitioners.

The proceeding herein was initiated upon petitioners' application for approval of the adoption. On the first hearing date the natural mother and grandmother reaffirmed their consents to the adoption. The grandmother indicated that she had known of petitioners' ages prior to signing the consent but that it was not a matter which she considered of importance. Indeed, she gave specific reasons for her feelings in that respect. While it does not appear that the mother previously knew of the petitioners' ages, nevertheless, as afore-mentioned, she reaffirmed her consent, in open court, after being told of those facts.

Despite the consents and the unequivocally favorable reports of two investigators who had been to petitioners' home, the court, in its concern for the child's welfare, expressed doubt of petitioners' suitability as adoptive parents in view of the age factor. Accordingly, the court caused an order to show cause to be served on petitioners' attorney as to why the child should not be removed from petitioners' home. After further hearings the court concluded that the consents were not valid and in any event that the child's best interests would not be served by approving the adoption.

We recognize the difficult responsibility placed in the Family Court in these instances and that it must always be guided by what is best for the child. However, we disagree with the conclusions reached by the court in this matter and believe that the adoption should be approved. First, we do not find any basis to conclude that the consents were invalid. While subsequently in the proceedings the mother and grandmother attempted to cast doubt upon the consents, nevertheless, they initially reaffirmed those consents in unambiguous terms and in open court. There is nothing to indicate that those consents were not signed voluntarily and with knowledge of the consequences and there is no basis to find that undue or any pressure was placed upon the mother. And with regard to the ages of the petitioners, aside from the fact that there is no statutory requirement that such fact be disclosed in advance, there was, nevertheless, no fraudulent concealment herein.

Indeed, the mother and grandmother were given opportunity to meet with the petitioners. Also, as already stated, since both reaffirmed their consents in open court after being told of petitioners' ages, it must be concluded that such fact was not material and that the consents would have been signed initially if full disclosure had been made to both the mother and grandmother.

We also conclude that the child's best interests will be served by granting adoption. Little can be added to the highly favorable investigative reports. They reveal that the petitioners are fit parents in every respect. The petitioners have been married for 26 years, have extensive family in the area, and both are in good health. Apparently, they were unable to have their own children and prior attempts at adoption were unsuccessful because of the unavailability of any children. The petitioner husband is an accountant and the petitioners are financially secure. The home that has been provided to date has been filled with love and apparently the environment is one in which the child has thrived. The only factor that is remotely adverse is the petitioners' ages. However, that is but one factor to be considered. "There is no statutory requirement in the law, nor any criterion established in the decided cases respecting the disqualification to adopt on account of age. Each petition is determined on its own facts and merits." (Matter of Michael D., 37 AD2d 78, 79.) Courts have given their approval to adoption by people in similar age brackets where the circumstances warranted. (E.g. Matter of T., 44 Cal App 3d 699 [husband 71 and wife 55]; Matter of Haun, 31 Ohio Misc 9, affd 31 Ohio App 2d 63 [husband 68 and wife 55].) We note that according to the actuarial life expectancy tables petitioner Emanuel has an expectancy of 18.74 years while Ruth has an expectancy of 17.73 years. Hence, if we are to consider probabilities, petitioners are likely to raise the infant to her majority. And if actualities are the guiding light, then we must give weight to all the factors which as aforementioned, have already provided the child with a good and happy home environment.

Accordingly, the order of the Family Court entered March 18, 1975 should be reversed on the law and the facts and the petition for adoption should be granted.

STEVENS, P. J., MARKEWICH, LUPIANO and LYNCH, JJ., concur.

Order, Family Court of the State of New York, New York County, entered on March 18, 1975, unanimously reversed, on the law and the facts, without costs and without disbursements, and the petition for adoption granted.