Per Curiam.

We are asked to consider the validity of an irrevocable consent to adopt which was executed by a natural mother at a time when she was four months shy of her 21st birthday. The appellant seeks to revoke her consent on the grounds of duress and infancy.
On October 31, 1973 the appellant appeared before a Judge of the Surrogate’s Court and executed an irrevocable consent pursuant to section 115-b of the Domestic Relations Law. Five months later the appellant apparently suffered misgivings and *130 attempted to revoke her consent. A hearing was conducted to review the procedures followed and the circumstances surrounding the execution of the challenged consent. The testimony accepted by the Surrogate indicated that the natural mother received thorough and painstaking explanation of the gravity of her consent from the Surrogate as required by subdivision 2 of section 115-b of the Domestic Relations Law. In addition she had previously received elucidation from the adoption clerk of the court and the attorney for the adoptive parents. The record further indicates that she had consulted with her parents and friends before executing the consent; Accordingly, the hearing court found no duress and concluded that petitioner’s consent, made after full disclosure of all relevant facts and with full understanding of its legal consequences, was voluntary.
We see no reason to disturb that determination. The consent was effectuated in the manner required by statute and the statute makes no provision for the defense of infancy. Therefore the consent was valid and irrevocable and the order of the Appellate Division should be affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.