■ In the Matter of VERONICA O'ROURKE, Appellant, v JAMES E. KIRBY, as Commissioner of the Department of Social Services, Suffolk County, Respondent. In the Matter of VERONICA O'ROURKE, Petitioner, v JAMES E. KIRBY, as Commissioner of the Department of Social Services, Suffolk County, et al., Respondents. — (1) In a proceeding pursuant to CPLR article 78 to compel the Suffolk County Department of Social Services (the local agency) to approve petitioner's application to adopt Alexia Stephanie P., her foster child, petitioner appeals from a judgment of the Supreme Court, Suffolk County (As-

pland, J.), entered August 13, 1980, which, after a nonjury trial, *inter alia,* dismissed her petition, and (2) proceeding pursuant to CPLR article 78 to review a determination of the State Department of Social Services, dated November 7, 1979 and made after a hearing, which affirmed a determination of the local agency to remove the subject child from petitioner's home. Judgment affirmed, without costs or disbursements. Determination dated November 7, 1979 confirmed, and proceeding dismissed on the merits, without costs or disbursements. The stay contained in this court's order dated September 16, 1980 is vacated. We are mindful of the fact that Mrs. O'Rourke has executed her duties as the child's foster mother in a capable and satisfactory manner, not only furnishing basic psysiological needs but also love and affection. By accepting the child, and also other children whose particular circumstances required shorter stays, Mrs. O'Rourke has made a substantial and enduring contribution to the well-being of each child she has cared for and to her community. Notwithstanding the afore-mentioned, it is clear from the record that the local agency's denial of petitioner's application to adopt was not arbitrary or capricious, but rationally reflected the best interests of Alexia. It is also indubitable that the State agency determination affirming the decision of the local agency to remove the child from petitioner's foster home was supported by substantial evidence, and was not solely and improperly based upon petitioner's age. (See *People ex rel. Ninesling v Nassau County Dept. of Social Servs.,* 46 NY2d 382; *Matter of Ward v Brookwood Child Care Orphan Asylum Soc. of City of Brooklyn,* 78 AD2d 902.) In view of Mrs. O'Rourke's most admirable performance as a foster parent, we have no doubt that she will set aside any feelings of disappointment occasioned by this decision, and with the co-operation and assistance of all parties concerned, will make every endeavor to help Alexia Stephanie negotiate any future transition in a harmonious and successful manner. Titone, J. P., Lazer, Weinstein and Thompson, JJ., concur.