OPINION OF THE COURT
Bertram R. Gelfand, J.
In this agency adoption proceeding, petitioners seek the adoption of a nonmarital child born on February 13, 1982. The first issue relates to the sufficiency of the surrender of the infant by her natural mother, with the assistance of her paternal grandmother, at a time when the natural mother was only 11 years of age. The records before the court reflect that the natural mother of the proposed adoptee was herself abandoned by her parents when she was six years of age.
On May 22, 1982, the natural mother signed a paper surrendering the custody and guardianship of the child to the Commissioner of Social Services of the City of New York. This surrender was not taken before a judicial officer and the infant had neither a fiduciary nor the aid of counsel.
A fundamental function of the court in addressing an application to approve an adoption is to pursue a procedural course which insures, to as great an extent as is reasonably possible, that the ultimate disposition of the proceeding has the finality which flows from adherence to fundamental due process. Pursuit of this goal must not *421 await a collateral attack on a completed proceeding, with the disruption that flows from readdressing issues which the parties believed to be long ago completed. Adherence to due process must be zealously addressed during the initial pendency of an application.
The sufficiency of the surrender of her parental rights by the infant’s mother will first be addressed. This court is cognizant of case law interpreting section 111 (subd 1, par [c]) of the Domestic Relations Law as accepting as valid, under the circumstances of those cases, a surrender for an adoption executed by an infant without a fiduciary (see Matter of Anonymous, 77 Misc 2d 323, affd sub nom. Matter of T. W. C., 48 AD2d 893, affd 38 NY2d 128; Matter of Infant S., 48 AD2d 425).
The most significant case on the subject is Matter of Anonymous (supra). In that matter, the Court of Appeals declined to sustain an attack on a concluded adoption on the basis that at the time of the surrender the infant’s mother was herself under the disability of infancy. The natural mother in that case was at the time of the surrender only four months short of her 21st birthday, which was the then age of majority. Significantly, this surrender was a judicial surrender taken before the Surrogate where a record was made which led a unanimous Court of Appeals to note that prior to accepting the surrender the Surrogate gave to the natural mother a “thorough and painstaking explanation of the gravity of her consent” (38 NY2d, at p 130). On this state of facts, the Court of Appeals found that the infancy of the natural mother when she surrendered her child did not support setting aside the concluded adoption.
In Matter of Infant S. (supra), the nonjudicial surrender was signed by the 15-year-old natural mother and her mother. In finding the surrender valid, the Appellate Division noted that, while it initially had been a nonjudicial surrender, it had been subsequently reaffirmed by both the natural mother and her mother in open court.
Great significance must be attached to the fact that in both of the aforesaid cases the ultimate surrenders by infants fall within the category of a judicial surrender. A profound distinction exists between a surrender supervised *422 by a Judge in which a record is made that clearly reflects the circumstances of the surrender and a surrender that consists of no more than signing a paper for a social worker under circumstances whose reconstruction is often left to no more than the recollection of interested parties. In the former situation both the level of competence and degree of understanding of the surrendering parent are a matter of record. In the latter circumstance, these critical factors are left to reconstruction at the time of litigation which is often long after the events.
No authority can be discerned which would sustain a conclusion that an infant’s surrender of her or his child for adoption executed out of court, standing alone, provides an adequate foundation for extinguishing such natural parent’s parental rights. To the extent this State’s statutes may be read to suggest the contrary, such interpretation is offensive to the requirements of constitutional due process. It is folly to suggest that a statutory scheme can sanction an 11-year-old infant surrendering her parental rights, but will deny her the authority to contract to buy a $50 radio on time payments or sign a deed for an interest in real property which may be miniscule (see General Obligations Law, art 3, tit 1; Real Property Law, § 11). It is difficult to conceive that our statutes intend to attach greater sanctity to even de minimis property rights than to parental rights. Such a concept is clearly in conflict with the sanctity that our highest court has attached to parental rights.
Our laws in the area of parental rights have evolved to a point where the United States Supreme Court has clearly enunciated that such rights are of such a magnitude that they may not be extinguished by the usual civil case quantum of proof of “a preponderance of evidence”, but only by proof that rises to the higher level of “clear and convincing” (Santosky v Kramer, 455 US 745, 748). In this posture of the law, for a court to blindly accept a document which any infant, let alone one of such shockingly tender years as in the instant matter, has signed out of court, with or without parental aid, as a surrender of her child, is offensive to fundamental due process (see Matter of Tameeka W., NYLJ, Sept. 8, 1981, p 14, col 5). To blindly embrace such a paper would place an ongoing cloud upon *423 the finality of the adoption. Accordingly, it was the conclusion of this court that the surrender by this natural mother should be reaffirmed in a judicial proceeding in which she should have the benefit of a guardian ad litem pursuant to the provisions of SCPA 403 (subd 2).
At this juncture, a guardian ad litem has been appointed and reported. Upon the basis of lengthy and comprehensive interviews with his ward, the guardian ad litem has filed a preliminary report in which he indicates that the natural mother fully understands the nature and ramifications of her decision to surrender her child for adoption and that the acceptance of such surrender is in the best interest of his ward, as well as of the proposed adoptee. The court will now entertain accepting her surrender at the hearing hereinafter scheduled.
The petitioning adoptive parents, the natural mother, and the guardian ad litem are directed to appear before this court in room 406 on September 13,1984, at 9:30 a.m. for such further proceedings as are appropriate to complete the application.