■ In the Matter of the COMMISSIONER OF SOCIAL SERVICES OF SUFFOLK COUNTY, Respondent. SANDRA G., Appellant.—In an adoption proceeding, the natural mother appeals from an order of the Family Court, Suffolk County (Leis, J.), entered October 8, 1986, which, after a hearing, denied her motion to vacate an order of the same court (Hurley, J.), dated December 13, 1985, approving an instrument signed by her transferring custody and guardianship of her child, Matthew, to the Suffolk County Department of Social Services.

Ordered that the order entered October 8, 1986 is affirmed, without costs or disbursements.

The child who is the subject of this proceeding was conceived as a result of a rape perpetrated against the natural mother. During the course of her pregnancy, the natural mother and her husband received counseling from various sources including a clergyman, a psychiatric social worker and

a caseworker from the Department of Social Services who, at the behest of the natural mother and her husband, explained the options available to them. These options included keeping the baby, consenting to foster care placement, or surrendering the child for adoption.

The child was born in May of 1985 and on the second day after the birth the natural mother executed a consent for foster care placement. Thereafter, in September 1985 the natural mother executed another instrument which provided for the surrender of the child for adoption. Judicial approval ·of this instrument was obtained on December 13, 1985, and the child has since been placed in an adoptive home.

By order to show cause dated May 13, 1986, the natural mother sought to vacate the consent for adoption on the grounds that it was procured by undue influence and threats made against her by the Department of Social Services of Suffolk County and members of her family.

Following a hearing, the Family Court determined that the natural mother had voluntarily and knowingly executed the surrender and that her consent to the placement of the child for adoption was not the product of fraud or coercion. This appeal ensued.

Upon our review of the record, we conclude that the Family Court's determination upholding the validity of the surrender executed by the natural mother was proper. While her ultimate decision to give up the child for adoption was clearly a difficult one, that decision was made after she had received counseling and after she and her husband had evaluated the options available to them. The guidance which she received from the various counselors, including the caseworker from the Department of Social Services was, in all respects, objective and reflective of a realistic appraisal of the situation. Moreover, although the natural mother's husband may have encouraged her to execute the surrender, that did not render the circumstances coercive nor did his entreaties impair her ability to exercise her free will (see, Matter of Podmore v Our Lady of Victory Infant Home, 82 AD2d 48, 51-52).

In short, while the natural mother may have had misgivings about consenting to the adoption, there is no evidence of any fraud, duress or coercion which would vitiate the consent. As the court aptly observed in Matter of T.W.C. (NYLJ, Dec. 18, 1974, at 17, cols 6-7 [quoting from Matter of Surrender of Minor Children, 344 Mass 230, 236, 181 NE2d 836, 839], affd 48 AD2d 893, affd 38 NY2d 128), " 'Contemplation of the

surrender of one's own child is in many, if not all, cases a cause of emotional and mental stress * * * No statute has said that surrenders are valid only if executed free from emotion, tensions and pressures caused by the situation. No principle of law requires the rule. A balance of the interests of the persons concerned and of society weighs strongly against it' ". In this case, a balancing of the interests is in favor of upholding the surrender for adoption. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.