In the Matter of ROBERT JORDAN G. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT D., Appellant. [947 NYS2d 334]—

"A surrender of parental rights 'becomes final and irrevocable immediately upon its execution and acknowledgment [and], in the absence of fraud, duress or coercion, no action may be maintained by the surrendering parent to revoke or annul the surrender agreement' " (*Matter of Gino Z.*, 4 AD3d 631, 632 [2004], quoting *Matter of Amanda B.*, 206 AD2d 636, 636-637 [1994]; *see* Social Services Law § 383-c [6] [d]). Here, the record supports the Family Court's determination that the father's conditional surrender of his parental rights was voluntary, and that he was mentally competent to execute the surrender instrument. The court made a careful inquiry regarding the father's state of mind and understanding of the legal consequences of his actions, including granting him an adjournment of more than one month to further consider his decision (*see Matter of Amanda B.*, 206 AD2d at 637; *Matter of Commissioner of Social Servs. of Suffolk County [Sandra G.]*, 141 AD2d 821, 822-823 [1988]).

The father is not aggrieved by so much of the order as approved his conditional surrender of the subject child because that portion of the order was entered upon his consent (*see* CPLR 5511; *Matter of Enasysia Tylesha R. [April Deann R.]*, 83 AD3d 946, 947 [2011]), which we have concluded was validly obtained. Accordingly, the appeal from that portion of the order must be dismissed. Skelos, J.P., Florio, Eng and Roman, JJ., concur.