■ In the Matter of SOCIETY FOR SEAMEN'S CHILDREN, on Behalf of JUDA J., Respondent, v JENNIFER J., Appellant. [617 NYS2d 843] —In a proceeding pursuant to Social Services Law § 384-b to terminate her parental rights on the ground of permanent neglect, the mother appeals from (1) a fact-finding order of the Family Court, Richmond County (Cognetta, J.), dated May 12, 1992, which, after a hearing, found that she permanently neglected her child, and (2) a dispositional order of the same court, dated December 1, 1992, which, after a hearing, terminated her parental rights.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the dispositional order; and it is further,

Ordered that the dispositional order is reversed, on the facts and as matter of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Richmond County, for a new dispositional hearing in accordance herewith.

Keeping in mind the Legislature's express desire to return children to their natural parents whenever possible (see, Social Services Law § 384-b [1] [a] [ii]), we agree with the mother's contention that, at the conclusion of the dispositional hearing, the Family Court should have suspended judgment in order to give her the opportunity to continue drug treatment and to establish a residence for herself and her child (see, Family Ct Act § 633). As the testimony at the fact-finding hearing established, prior to the filing of the instant petition, the mother enrolled in a residential drug rehabilitation program. Although she did complete the mandatory nine-month program, she never received a certificate of completion because she failed to follow her counselor's suggestion that she remain in the program for at least two more months. Unfortunately, it appears that the petitioning agency placed far greater significance on the mother's failure to receive that certificate than on the fact that she successfully completed nine months in the residency rehabilitation program. Additionally, after the completion of the fact-finding hearing and prior to the dispositional hearing, the mother completed a course in parenting skills, maintained regular contact with the child, and secured an apartment.

Finally, and perhaps most telling, is the testimony of the caseworker from Harlem Dowling Westside Center (hereinafter Harlem Dowling). That agency had custody of the mother's youngest child, and, it appears from the record, was much

more supportive of the mother and diligent in its efforts to unite her and her child than was the petitioning agency. The mother's caseworker from Harlem Dowling, who saw her on a weekly basis, testified that the mother was making great strides in her effort to be reunited with her youngest child and, while she could not recommend that the reunion occur at that juncture, anticipated that such a recommendation could be made in the next four to five months if the mother continued to progress as she was. Based upon that testimony, the Family Court should have suspended judgment with respect to the disposition of the matter for at least that period, at the conclusion of which it would have been in a better position to determine the issue of whether the child's best interests would be endangered by his return to the custody of his natural mother (see, Social Services Law § 384-b [1] [a] [ii]). Indeed, since the time that the dispositional hearing was held, custody of the youngest child, who was being cared for by the same foster parents who are caring for the child, was returned to the mother.

Given that nearly two years have passed since the dispositional hearing was held, the entry of a suspended judgment at this juncture would be imprudent (see, Family Ct Act § 633 [b]). Thus, the matter is remitted to the Family Court for a new dispositional hearing, at which time the court shall determine, among other things, whether the mother has met the appropriate conditions outlined in 22 NYCRR 205.50.

We have considered the remaining contentions of the parties and find them to be without merit. Bracken, J. P., Lawrence, Santucci and Goldstein, JJ., concur.