■ In the Matter of the S. CHILDREN, Alleged to be Permanently Neglected. NEW YORK FOUNDLING HOSPITAL, Respondent; CATHERINE S. et al., Appellants. [620 NYS2d 369] —Orders of disposition, Family Court, New York County (Mary E. Bednar, J.), entered December 29, 1992, which terminated respondents' parental rights to their three children and committed their custody and guardianship to the Commissioner of Social Services and petitioner agency for the purposes of adoption, which orders were rendered after a fact-finding determination on May 6, 1992, that respondents had permanently neglected the children, unanimously affirmed, without costs.

The findings of permanent neglect were supported by clear and convincing evidence that, despite the agency's diligent

effort, respondents did not plan for the return of their children since they failed to acknowledge and address the problems which had resulted in the placement of the children in foster care after two findings of excessive corporal punishment (see, Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368). Parents are required to "formulate a feasible plan * * * [which] presupposes, at a minimum, that the parents take steps to correct the conditions that led to the removal of the child from their home" (*Matter of Leon RR*, 48 NY2d 117, 125). The agency's referral to a variety of therapy and counseling programs and additional supportive services constituted the reasonable statutory efforts required (see, *Matter of O. Children*, 128 AD2d 460). A finding of neglect may be rendered even where a parent has attended therapy and participated in offered resources without ameliorating the problem preventing discharge (see, *Matter of Sonia H.*, 177 AD2d 575, 576-577).

The court properly terminated respondents' parental rights based upon the best interests of the children, as there is no presumption that the children's well-being will best be served by return to their natural parents (*Matter of Star Leslie W.*, 63 NY2d 136, 147-148). Although separation of siblings is not desirable, it is sometimes necessary to serve their best interests (see, *Matter of Malik M.*, 40 NY2d 840). Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.