■ In the Matter of AMANDA R. and Others, Children Alleged to be Neglected. MISSION OF THE IMMACULATE VIRGIN, Respondent; JOAN D., Appellant, et al., Respondent. [626 NYS2d 481] —Orders of disposition, Family Court, New York County (Sheldon Rand, J.), entered December 10, 1993, which, *inter alia* terminated the parental rights of respondent-appellant and committed the custody of the subject children to the Commissioner for the purpose of adoption, which orders followed a fact-finding determination of permanent neglect pursuant to Social Services Law § 384-b, unanimously affirmed, without costs.

The finding of permanent neglect was supported by clear and convincing evidence where, despite the agency's diligent efforts, for over one year respondent did not enter or complete a drug rehabilitation program or maintain sufficient contact with her children (Social Services Law § 384-b [7] [a]). The court properly found that the agency exerted diligent efforts to encourage and strengthen the parent-child relationship (Social Services Law § 384-b [7] [f]) by urging respondent to attend and complete a drug rehabilitation program and submit proof of same, making referrals, arranging visitation, and seeking to maintain contact despite respondent's failure to do so. The statutory obligation is "subject to the rule of reason" *(Matter of O. Children,* 128 AD2d 460, 464), that the agency is not a guarantor of a parent's success in overcoming his or her predicaments *(Matter of Sheila G.,* 61 NY2d 368, 385). A finding of permanent neglect is warranted despite participation in programs where there are relapses and the problem has not been ameliorated *(Matter of S. Children,* 210 AD2d 175).

The court properly found that the children's best interests would be served by termination of parental rights, as there is no presumption that such interests are best served by return to the natural parent *(Matter of Star Leslie W.,* 63 NY2d 136, 147-148). The children had bonded with the foster parents and there was no evidence of a positive, meaningful relationship with respondent to warrant a suspended judgment *(see, Matter of Michael B.,* 80 NY2d 299, 311), and despite respondent's

progress, there was no evidence of completion of a rehabilitation program or that respondent was drug free.

Finally, as no objection was made to the court interviewing the children in camera without a stenographic record, the issue was not preserved for appellate review. In any event, such interview was not improper *(see, Matter of Lincoln v Lincoln,* 24 NY2d 270). Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.