■ In the Matter of JUAN ANDRES R., a Child Alleged to be Abandoned. JUANA NATALIA R., Appellant; NEW YORK FOUNDLING HOSPITAL et al., Respondents. [629 NYS2d 7] —Order of disposition, Family Court, New York County (Jeffrey Gallet, J.), entered October 29, 1993, which terminated respondent's parental rights on the ground of abandonment, and committed custody and guardianship of the subject child to petitioners for the purposes of adoption, unanimously modified, on the law and the facts, to delete so much of the order as designated Brenda O. as the adoptive parent, and otherwise affirmed, without costs.

The finding of abandonment was supported by evidence that respondent, while incarcerated in Jamaica, WI, failed to communicate with the child or the agency for a period of seven months immediately preceding the filing of the petition, although not prevented or discouraged from doing so by the agency and allowed by the prison facilities to write letters and for a six-week period also to make telephone calls (*see*, Social Services Law § 384-b [5] [a]; *Matter of Julius P.*, 63 NY2d 477; *Matter of Jasmine T.*, 162 AD2d 756, *lv denied* 76 NY2d 714). Respondent's right to due process could not have been violated by a dispositional hearing that was not statutorily mandated, given the finding of abandonment (*Matter of Dlaine Bernice S.*, 72 AD2d 775). In any event, the hearing that was held gave all parties ample opportunity to present their views, the court exploring the child's best interests (*Matter of Israel R.*, 200 AD2d 498), and properly determining that a suspended judgment was not warranted absent a showing that respondent had taken sufficient steps to ameliorate the conditions that led to the child's placement (*Matter of Desmond Sinclair G.*, 202 AD2d 156, 158).

However, inasmuch as the record shows that the foster mother had provided an environment in which the child has lived and thrived for all but a few months of his life, the court erred in refusing to approve adoption by the foster mother based solely on her age of 67 and designating instead the back-up resource (*see*, *Matter of Infant S.*, 48 AD2d 425, 427). The adoption proceedings would be a better forum for determining the relative merits of these two qualified persons (*see*, Social Services Law § 384-b [11]; Family Ct Act § 642). Concur—Rosenberger, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.