■ In the Matter of ARRON BRANDEND C. and Another, Children Alleged to be Permanently Neglected. DORETHA C., Appellant; COMMISSIONER OF SOCIAL SERVICES, Respondent, et al., Respondent. [701 NYS2d 6] —Orders of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about April 30, 1997, terminating respondent's parental rights to the subject children and committing their custody and guardianship to petitioner Commissioner of Social Services for the purpose of adoption, following a fact-finding determination of permanent neglect, unanimously affirmed, without costs.

While Family Court did find that respondent visited the children only "sporadically", it did not, as respondent argues, terminate her parental rights upon a finding of abandonment, but rather upon a finding of permanent neglect by reason of failure to plan for the children's future despite petitioner's diligent efforts. A finding of permanent neglect may be based on either a failure to maintain contact or a failure to plan for a continuous period of one year at any time after the child's placement (*Matter of Star Leslie W.*, 63 NY2d 136, 142-143, 146), evidence of contact or planning after the filing of the petition being inadmissible for purposes of fact finding (*cf.*, Family Ct Act § 624; *Matter of Sheila G.*, 61 NY2d 368, 384; *see, Matter of Christopher II.*, 222 AD2d 900, 902, *lv denied* 87 NY2d 812). Accordingly, the finding of neglect was properly based on evidence showing a failure to plan for five out of the six years preceding the filing of the petition, including repeated drug

use, failure to complete drug rehabilitation despite numerous referrals by petitioner and repeated incarceration on drug charges (*see,* Social Services Law § 384-b [7] [c]; *Matter of Selathia Nicole F.,* 243 AD2d 400, *lv denied* 91 NY2d 806). The finding that termination of respondent's parental rights is in the children's best interests is supported by a fair preponderance of the evidence, including that the children have lived with their foster mother, their grandmother who wishes to adopt them, for 10 years, since the younger child's birth, have no special needs, are doing well in school and are otherwise well adapted. Given respondent's 10-year sporadic, truncated and unsuccessful efforts to deal with drug addiction, her plan to achieve all of her goals within a year does not appear to be feasible or realistic (*see, Matter of Star Leslie W., supra,* at 143). While respondent appears to have made some progress since the filing of the petition, the improvement came too late, and the children should not have to wait any longer for respondent's rehabilitation and a permanent home (*see, Matter of Yadira W.,* 261 AD2d 346). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.