■ In the Matter of GINA I. and Others, Children Alleged to be Permanently Neglected. MARITZA I., Appellant; LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., et al., Respondents. [703 NYS2d 187] —Orders of disposition, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about November 12, 1998, which, upon a finding of permanent neglect, terminated respondent mother's parental rights and committed the subject children to the custody and guardianship of the Commissioner of Social Services and petitioner Lutheran Social Services of Metropolitan New York, Inc., for the purpose of adoption, unanimously affirmed, without costs.

There was clear and convincing evidence to support Family Court's finding that respondent mother had permanently neglected the subject children by failing to complete a drug rehabilitation program or to remain drug-free notwithstanding petitioner agency's diligent efforts for over one year to elicit respondent's compliance in addressing her drug addiction (*see*, Social Services Law § 384-b [7] [a]; *Matter of Richard X.*, 226 AD2d 762, 763-764, *lv denied* 88 NY2d 808; *Matter of Michael M.*, 172 AD2d 152). Although respondent participated in drug rehabilitation programs, the finding of permanent neglect against her is nonetheless warranted since respondent did not complete the programs she began and, the underlying problem never having been successfully ameliorated, did not remain drug-free (*Matter of Tiwana M.*, 267 AD2d 144; *Matter of Amanda R.*, 215 AD2d 220, *lv denied* 86 NY2d 705). In light of the essentially unaddressed problem underlying the permanent neglect finding against respondent, Family Court properly exercised its discretion in declining to enter a suspended judgment (*see*, *Matter of Lameek L.*, 226 AD2d 464; *Matter of Latesha Nicole M.*, 219 AD2d 521; *Matter of Juan Andres R.*, 216 AD2d 145). Finally, under all the relevant circumstances, termination of respondent's parental rights so as to permit the adoption process to move forward was properly found by Family Court to be in the best interests of the subject children

(*Matter of Amanda R., supra*). Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.