■ In the Matter of JASMINE H., a Child Alleged to be Permanently Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SANDRA H., Appellant. [704 NYS2d 772] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Family Court's termination of respondent's parental rights is not supported by the record. Petitioner failed to present any evidence to support its position that the best interests of the child would be served if respondent's parental rights were terminated (see, Family Ct Act § 631), relying solely on the boilerplate allegations of the petition and respondent's admission at the fact-finding hearing that the child was a permanently neglected child. Respondent presented evidence that she had successfully reached the final level of an alcohol and substance abuse treatment program and that it was anticipated that she would be discharged from the program in 4 to 6 months. Respondent also presented evidence that she had one class to complete in the court-ordered parenting program and that her failure to complete the program prior to the dispositional hearing resulted from changes in the program's schedule. No evidence was presented by the Law Guardian.

The court erred in relying almost exclusively upon information that was not part of the record of this case. The court cited respondent's history of repeated appearances in Family Court in connection with other children, and respondent's failures with drug treatment efforts with respect to those matters. Furthermore, the court abused its discretion by indicating before the hearing commenced that it refused to consider the request of respondent for a suspended judgment until her treatment program was completed, stating that either the petition would be dismissed or respondent's parental rights would be terminated. Because more than the maximum period of time for a suspended judgment has elapsed since the court's order (*see,* Family Ct Act § 633 [b]), we remit the matter to Erie County Family Court for a new dispositional hearing before a different Judge (*see, Matter of Society for Seamen's Children v Jennifer J.,* 208 AD2d 849, 850). (Appeal from Order of Erie County Family Court, Mix, J.—Terminate Parental Rights.) Present—Pigott, Jr., P. J., Green, Wisner, Scudder and Kehoe, JJ.