■ In the Matter of NIJEAH KILENE G., a Child Alleged to be Permanently Neglected. JAMES G., Appellant; COMMISSIONER OF SOCIAL SERVICES et al., Respondents. [730 NYS2d 500] —Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about January 3, 2000, terminating respondent's parental rights to the subject child and commit-

ting the child's custody and guardianship to petitioner agency and the Commissioner of Social Services for the purposes of adoption, upon a fact-finding determination of permanent neglect, unanimously affirmed, without costs.

The record supports the finding that the agency exercised diligent efforts to encourage and strengthen the parental relationship, but that, despite such efforts, respondent's contacts with the child were sporadic at best during the year preceding the filing of the petition, and he also failed to plan for the child's future by completing a drug treatment program (see, *Matter of Star Leslie W.*, 63 NY2d 136, 142-143; *Matter of Gina I.*, 270 AD2d 21, *lv denied* 95 NY2d 756). Respondent's incarceration for six months of the relevant year-long period does not warrant a different result, where his visits with the child started to become sporadic some three months before his incarceration, he delayed in advising the agency of his incarceration, then misled the agency as to nature of the charges against him and his expected time of release, and when released on parole was within weeks re-arrested for a parole violation (see, *Matter of Dominique S.*, 276 AD2d 367). The evidence clearly establishes that it is in the child's best interests to be freed for adoption (see, *Matter of Star Leslie W.*, at 147-148). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.