■ In the Matter of TRAVIS DEVON B. and Others, Children Alleged to be Permanently Neglected. JENNIFER ANNE T., Appellant; PIUS XII YOUTH AND FAMILY SERVICES, Respondent. [743 NYS2d 498] —Orders of disposition, Family Court, Bronx County (Maureen McLeod, J.), entered on or about October 10, 2000, terminating respondent's parental rights to the subject children upon findings of permanent neglect, and committing the children's custody and guardianship to petitioner agency and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.

The findings of permanent neglect are supported by clear and convincing evidence that, for one year prior to the filing of the petition, respondent failed to complete a drug treatment program, and, indeed, refused to admit that she had a drug problem (*Dutchess County Dept. of Social Servs. [T.G.] v G.,* 141 Misc 2d 641, *affd sub nom. Matter of Travis Lee G.,* 169 AD2d 769; *see, Matter of Diana Crystal D.,* 200 AD2d 365), and thus failed to plan for the children's future (*see, e.g., Matter of Tanya Alexis G.,* 273 AD2d 19; *Matter of Arron Brandend C.,* 267 AD2d 107; Social Services Law § 384-b [7] [c]). Even if, as respondent contends, respondent did maintain contact with her children, "a finding of a failure to plan, in and of itself, suffices to support a determination of permanent neglect" (*Matter of Orlando F.,* 40 NY2d 103, 110; *see also,* Social Services Law § 384-b [7] [a]). While respondent claims that petitioner agency did not meet its threshold obligation diligently to endeavor to assist her to overcome the problems standing in the way of her regaining custody of the subject children, the record discloses that petitioner agency repeatedly sought to offer respondent assistance but that respondent was not responsive to the agency. An agency faced with an uncooperative parent will be deemed to have fulfilled its duty to make diligent efforts (*see, e.g., Matter of Sheila G.,* 61 NY2d 368, 385; *Matter of Gyvon Lamar P.,* 190 AD2d 592, *lv denied* 82 NY2d 654).

The finding that it was in the children's best interests to be adopted by their foster mother, who is also their maternal aunt, is supported by the requisite preponderance of the evidence (*see, Matter of Star Leslie W.,* 63 NY2d 136, 147-148). The children have lived with their aunt since November 1998 and are thriving in her care. In contrast, the children have not

lived with their mother since 1995. While respondent's achievement in overcoming her drug addiction, obtaining vocational training, and attending school is admirable, Family Court was not required to suspend judgment, since respondent did not have a realistic plan to find a job and suitable housing for herself and her children (see, e.g., Matter of Latasha W., 268 AD2d 340; Matter of Arron Brandend C., 267 AD2d, supra at 108). During the dispositional phase, "[t]here is no presumption that [the child's] interests will be served best by return to the parent" (Matter of Star Leslie W., supra at 147-148). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.