■ In the Matter of JORGE G., a Child Alleged to be Permanently Neglected. JORGE G., Appellant; HEARTSHARE HUMAN SERVICES OF NEW YORK et al., Respondents. [747 NYS2d 158]

Respondent acknowledges that he was told by the agency that he had to keep in touch with it but that he failed to do so between April 1993 and either September or December 1994. There being clear and convincing evidence that the agency did not know of respondent's whereabouts during this period of time, it does not avail respondent to argue that the agency

failed to exert diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [e] [i]; *see Matter of O. Children*, 128 AD2d 460, 465). Termination of respondent's parental rights is supported by a preponderance of the evidence showing that the child is thriving in the home of his foster mother, who was more attentive to the child's special needs than the resource offered by respondent for the period of his incarceration. Nor do respondent's alleged efforts at self-improvement warrant a suspended judgment where his completion of two drug programs prior to 1992 did not prevent a relapse in 1994 and his resulting incarceration, and it otherwise does not appear that respondent has overcome his drug problem (*see Matter of Amanda R.*, 215 AD2d 220, 220-221, *lv denied* 86 NY2d 705). Concur—Williams, P.J., Tom, Rosenberger and Friedman, JJ.