■ In the Matter of JOLIE S., a Child Alleged to be Permanently Neglected. SHARON S., Appellant; ST. CHRISTOPHER-

OTTILIE, Respondent. [748 NYS2d 367] —Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about November 20, 2000, which, upon a fact-finding determination of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody and guardianship of the child to the Commissioner of Social Services and petitioner agency for purposes of adoption, unanimously affirmed, without costs.

The finding of permanent neglect against respondent mother is supported by clear and convincing evidence that diligent efforts were made by petitioner agency to encourage and strengthen the parental relationship, but that despite such efforts respondent continued to abuse drugs, and refused to attend a drug rehabilitation program or to submit to drug testing, and in so doing, permanently neglected the child by failing, within the statutorily relevant time period, to plan for her future (*see Matter of Jackee Shertee C.*, 278 AD2d 178; *Matter of Gina I.*, 270 AD2d 21, *lv denied* 95 NY2d 756). Respondent's visitation with the child is unavailing given her failure to plan (*see Matter of Genesis Jeanice Blair M.*, 296 AD2d 317). Even if we were to agree that certain drug test reports were erroneously admitted against respondent, any such error was harmless in light of other independent evidence of respondent's drug use.

The necessary preponderance of the evidence supported the finding that freeing the child for adoption was in her best interest (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148). Respondent's recent efforts at drug rehabilitation, while commendable, when viewed in the context of a drug abuse history dating back to at least 1981 and respondent's continued refusal to submit to drug testing with the agency or attend one of the drug programs it recommended, afford little realistic prospect that respondent will remain drug free and able to care for the child (*see Matter of Joshua Ramon C.*, 266 AD2d 37). Accordingly, respondent's request for a suspended judgment was properly denied (*id.*). Concur—Tom, J.P., Andrias, Saxe, Buckley and Lerner, JJ.