■ In the Matter of ZACHARY CC., a Child Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PENELOPE CC., Respondent. [753 NYS2d 561] —Carpinello, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered April 8, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate Zachary CC. a permanently neglected child, and suspended judgment for a period of one year.

The child who is the subject of this permanent neglect proceeding has been in foster care since May 1999, when respondent, his mother, voluntarily placed him in petitioner's temporary custody. In November 2001, following a fact-finding hearing, Family Court determined that respondent permanently neglected the child.[1] Following the dispositional hearing, however, the court opted to suspend judgment for one year (*see* Family Ct Act § 631 [b]) subject to four specific conditions, namely, that respondent maintain consistent contact with the child, engage regularly and substantially with the Delaware County mental health clinic, maintain a household free of domestic violence and abstain from the abuse of alcohol or drugs (*see* Family Ct Act § 633; *see also* 22 NYCRR 205.50 [a] [2], [7], [8]). Petitioner appeals, contending primarily that a suspended judgment was not in the child's best interest and that its terms do not address the adjudicated acts and omissions which resulted in the finding of permanent neglect in the first place (*see* 22 NYCRR 205.50 [a]).

In its decision after the dispositional hearing, Family Court concluded, and the record confirms, that respondent was making efforts in dealing with the underlying problems which resulted in the finding of permanent neglect. The court specifically noted that respondent was utilizing, among other services, parent aide services, casework counseling and drug and alcohol counseling, that visitation was going well and that neither alcohol nor domestic violence had been a problem in her household in the time period following the fact-finding hearing (*compare Matter of Society for Seamen's Children v Jennifer J.*, 208 AD2d 849). The record also reveals that the child's foster parents have no intention of adopting him (*compare Matter of Tiffany A.*, 242 AD2d 709, 713). Thus, while the decision to suspend judgment in this case was undoubtedly a close call, we are unable to conclude, giving due deference to Family Court's weighing of the evidence and its assessment of credibility (*see Matter of Thelonius BB.*, 299 AD2d 775), that the court abused its discretion in finding that the child's best interest warranted this disposition (*see generally Matter of John F.*, 221 AD2d 858, 861, *lv denied* 88 NY2d 811 [abuse of discretion is standard by which this Court reviews Family Court's disposition on adjudication of permanent neglect]; *Matter of Francis R.*, 201 AD2d 834, 835 [same]).

Moreover, we are satisfied that its terms are sufficiently tailored to address the adjudicated acts and omissions (*see* 22

---

1. It does not appear that respondent has taken an appeal from this determination.

NYCRR 205.50 [a]). The most pervasive evidence concerning permanent neglect stemmed from serious incidents of domestic violence between respondent and her live-in boyfriend, with whom she has two other children.[2] Relatedly, there is record evidence of probable alcohol abuse by the boyfriend for which he has refused to seek counseling. Nevertheless, there is no evidence that the boyfriend's alcohol intake negatively impacts respondent's sobriety[3] or has resulted in any action by petitioner to remove their infant daughter from the household (*see* n 2, *supra*). To the extent that the boyfriend's alcohol consumption could lead to incidents of domestic violence, the suspended judgment specifically addresses this concern by requiring respondent to maintain a household free of same, and petitioner is required to report on respondent's compliance with the terms and conditions of the suspended judgment on a regular basis (*see* 22 NYCRR 205.50 [c]). Under these circumstances, we are satisfied that the terms and conditions of the suspended judgment comply with 22 NYCRR 205.50 (a).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** Although respondent and her boyfriend have a son and daughter, only the daughter lives with them. The son is being raised by the boyfriend's sister.

**3.** Respondent has had past problems with drug and alcohol abuse. She testified at the fact-finding hearing, without contradiction, that she had not drank in a few years. Indeed, petitioner's caseworker testified that she had no present concerns about respondent abusing alcohol. Moreover, as of the dispositional hearing, respondent was close to successfully completing drug and alcohol counseling.