■ In the Matter of Shanequia P., an Infant. Niagara County Department of Social Services, Respondent; Terry

P., Appellant. [754 NYS2d 501] —Appeal from an order of Family Court, Niagara County (Batt, J.), entered February 7, 2002, which, inter alia, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order granting the petition of petitioner, Niagara County Department of Social Services (DSS), to terminate his parental rights with respect to his daughter on the ground of permanent neglect and free her for adoption pursuant to Social Services Law § 384-b. We conclude that Family Court's finding of permanent neglect is supported by clear and convincing evidence (*see* Family Ct Act § 622; *see also Matter of Alexis E.*, 272 AD2d 935, 936). The record establishes that respondent failed substantially and continuously to maintain contact with or plan for the future of his daughter for a period of more than one year following her placement (*see* Social Services Law § 384-b [7] [a]; *see also Matter of Star Leslie W.*, 63 NY2d 136, 142-143). Since his daughter was placed in the custody of DSS in 1997, respondent has failed to exercise regular visitation with her and to plan for her future. Instead, respondent, who has been incarcerated intermittently, has failed to complete a drug rehabilitation program, and has failed to secure permanent employment.

Contrary to respondent's further contention, the court properly determined that the termination of respondent's parental rights is in the best interests of respondent's daughter, who has lived in foster care or institutional therapeutic care during the last five years while respondent has spent time in prison, has failed to secure permanent employment, has failed to develop employment skills, and has failed to overcome a recurring drug problem. Although visitation by respondent with his daughter temporarily improved while he was incarcerated, that improvement resulted solely from DSS's bringing respondent's daughter to the prison on a regular basis. Respondent's daughter should not have to wait any longer for respondent's rehabilitation (*see Matter of Brandend C.*, 267 AD2d 107, 108). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Gorski and Lawton, JJ.