■ In the Matter of MARQUIS M. and Others, Children Alleged to be Permanently Neglected. KHALILAH ASIA M., Appellant; CHILDREN'S VILLAGE et al., Respondents. In the Matter of MARQUIS M. and Others, Infants. DIANA M., Appellant; CHILDREN'S VILLAGE et al., Respondents, et al., Respondent. [756 NYS2d 851] —Orders, Family Court, Bronx County (Gayle

Roberts, J.), entered on or about March 5, 2001, which, to the extent appealed from, upon findings that respondent mother had permanently neglected Marquis M., Melik M. and Aisha M., terminated her parental rights to those children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services of the City of New York for purposes of adoption, and denied appellant Diana M.'s petition for custody of the three previously named children as well as a fourth child of respondent mother, Evonne M., unanimously affirmed, without costs.

Clear and convincing evidence supports the findings of permanent neglect against respondent mother, based on her failure to plan for the future of her children (*see Matter of Amanda R.*, 215 AD2d 220 [1995], *lv denied* 86 NY2d 705 [1995]). By not obtaining the drug treatment recommended by the agency within the statutorily relevant time frame and by failing to maintain regular and continuous contact with the children in accordance with the agency's visitation schedule, respondent defaulted in meeting her obligation to plan for the children's future, thus warranting the finding of permanent neglect (*see id.*).

The record also provides the requisite preponderant support for Family Court's finding that it was in the best interests of the children that respondent's parental rights be terminated so as to free the children for adoption. There is no presumption in favor of a suspended judgment or that the children's interests will best be served by placement with respondent (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]).

Finally, the court properly concluded that the children's best interests would not be served by granting the maternal grandmother's custody petition, particularly in view of the evidence indicating that petitioner grandmother did not grasp the magnitude of the harm suffered by the children while they were in her care, and in view of her failure to recognize the children's special needs (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]). Concur—Buckley, P.J., Rosenberger, Ellerin, Wallach and Lerner, JJ.