■ In the Matter of MONIEA C., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA E., Appellant. [779 NYS2d 685]—

Appeal from an order of the Family Court, Erie County (Janice M. Rosa, J.), entered December 13, 2002. The order adjudged the infant to be a permanently neglected child and transferred her guardianship and custody rights to petitioner.

It is hereby ordered that said appeal from the order insofar as it concerned the finding of permanent neglect be and the same hereby is dismissed and the order is affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating her daughter a permanently neglected child and transferring guardianship and custody rights to petitioner. We note at the outset that respondent stipulated to the finding of permanent neglect by Family Court and thus is not aggrieved by that finding (*see Matter of Cherilyn P.*, 192 AD2d 1084 [1993], *lv denied* 82 NY2d 652 [1993]; CPLR 5511). We further conclude that the evidence supports the court's determination that the termination of respondent's parental rights is in the best interests of the child (*see* Family Ct Act § 631). The court noted that respondent's chronic substance abuse problem led to removal of the child from the home and that respondent failed to take corrective measures with respect thereto (*see Matter of Lynn M.W.*, 278 AD2d 901 [2000]; *see also Matter of Shanequia P.*, 302 AD2d 890 [2003]).

All concur except Green, J.P., who dissents and votes to reverse in accordance with the following memorandum.

Green, J.P. (dissenting). I respectfully dissent. Family Court abused its discretion in terminating respondent's parental rights based solely upon respondent's admitted failure to abstain completely from the use of marihuana. It is undisputed that respondent satisfied virtually every other requirement contained in the contract and plan for services that was designed to prepare her to be reunited with the child. Respondent maintained visitation with the child, completed a psychological evaluation, mental health counseling, parenting classes and an anger management program, and secured a source of income and suitable housing. On her own initiative, respondent enrolled in an inpatient substance abuse program. She withdrew from that program because of medical problems and enrolled herself in an

outpatient program within two days. This is clearly not a case of "an uncooperative or indifferent parent" (*Matter of Star Leslie W.*, 63 NY2d 136, 144 [1984]; *cf. Matter of Karina U.*, 299 AD2d 772, 772-773 [2002], *lv denied* 100 NY2d 501 [2003]), or one who is unable or unwilling to confront the problems leading to the child's removal (*cf. Matter of Travis Devon B.*, 295 AD2d 205 [2002]). Instead, the record establishes that respondent made significant strides toward resolving the problems that resulted in the finding of permanent neglect (*see Matter of Zachary CC.*, 301 AD2d 714, 715 [2003]; *Matter of Lisa Z.*, 278 AD2d 674, 679 [2000]; *Matter of Jelissa Ninette O.*, 233 AD2d 874, 875 [1996]; *Matter of Society for Seamen's Children v Jennifer J.*, 208 AD2d 849 [1994]). Further, respondent made such progress despite the lack of diligent efforts on petitioner's part to assist respondent in obtaining substance abuse treatment appropriate to her needs. Given respondent's progress, the court should have granted a suspended judgment, a "brief grace period" permitting respondent an opportunity to overcome the only remaining obstacle to the child's safe return to her custody (*Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *see Zachary CC.*, 301 AD2d at 715; *Jelissa Ninette O.*, 233 AD2d at 875; *Society for Seamen's Children*, 208 AD2d at 849-850). That obstacle, respondent's addiction to marihuana, has long been recognized as a disease (*see Robinson v California*, 370 US 660, 667 [1962]; *People v Shepard*, 50 NY2d 640, 646-647 [1980] [Gabrielli, J., concurring]). Petitioner presented no proof that treatment of that disease would not be successful or that respondent's prognosis for recovery is poor (*cf. Matter of Jolie S.*, 298 AD2d 194, 195 [2002]; *Matter of Kelly G.*, 223 AD2d 878, 880 [1996], *lv denied* 88 NY2d 801 [1996]). Moreover, petitioner failed to present proof that termination of respondent's parental rights is otherwise in the child's best interests. The foster parent does not intend to adopt the child, and there is no indication that any specific preadoptive placement was contemplated at the time of the hearing (*see Zachary CC.*, 301 AD2d at 715; *Jelissa Ninette O.*, 233 AD2d at 875; *cf. Karina U.*, 299 AD2d at 773; *Travis Devon B.*, 295 AD2d at 205). Under those circumstances, I cannot agree with the majority that it is in the child's best interests to terminate the rights of a concerned parent in favor of an uncertain future for the child. Because petitioner failed to meet its burden of establishing that termination of respondent's parental rights is in the best interests of the child, I would reverse the order and remit the matter to Family Court for a new dispositional hearing (*see Matter of Hannah D.*, 292 AD2d 867, 867-868 [2002]; *Matter of Princess C.*, 279 AD2d 825, 828 [2001]; *Matter of Jasmine H.*, 270 AD2d 950 [2000]). Present—Green, J.P., Hurlbutt, Kehoe, Martoche and Hayes, JJ.