■ In the Matter of Digna Luz Rivera R. and Others, Children Alleged to be Permanently Neglected. Aida Luz R., Appellant; Catholic Guardian Society, Respondent. [789 NYS2d 137]—

Orders of disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about October 15, 2001, which, upon a fact-finding determination that respondent mother permanently neglected her four children, terminated her parental rights and placed the children in the custody of petitioner Society and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence established that respondent permanently neglected the children by failing to maintain contact with them during the relevant statutory period, or to plan for their future (see Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]). The agency's obligation to exercise due diligence to encourage and strengthen the parental relationship was excused when respondent failed to keep the agency apprised of her whereabouts for more than six months (see Social Services Law § 384-b [7] [e] [i]; *Matter of Carisma H.*, 306 AD2d 35 [2003]). The agency did use diligent efforts to reunite respondent with her children when she reappeared, but she nonetheless failed to maintain contact with them, missing two thirds of her scheduled weekly visits. She even returned to drug abuse after referral to a drug treatment program (see *Matter of Shania Tatiara A.*, 1 AD3d 149 [2003]). Respondent's argument that permanent neglect was not established by a preponderance of the evidence is without merit. Her allegedly successful postpetition compliance with all agency goals is not part of the record on appeal.

Respondent's challenge to the order of disposition is based on a review of the court's written findings following the dispositional hearing, inasmuch as the minutes were apparently lost and a reconstruction hearing was never sought. On this limited record, we find the court's termination of parental rights to facilitate the adoptive process in the children's best interests was supported by a preponderance of the evidence (see *Matter of Marquis M.*, 304 AD2d 399 [2003]). Respondent has not presented any evidence of postpetition parental contact to warrant a different disposition (see Family Ct Act § 624). Concur—Tom, J.P., Andrias, Friedman, Sullivan and Nardelli, JJ.