■ In the Matter of LAURA F. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOREEN F., Appellant. (Proceeding No. 1.) In the Matter of SKYLAR F. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOREEN F., Appellant. (Proceeding No. 2.) [852 NYS2d 388]—

In related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition (one paper) of the Family Court, Nassau County (Foskey, J.), dated September 25, 2006, as, after a fact-finding hearing, found that she had permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the children to Jenny M. and Michael M. for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contentions, the evidence adduced at the fact-finding hearing established, by the requisite clear and convincing standard of proof, that she permanently neglected her children by continuing to abuse illegal drugs for two years following their removal from her custody, by failing to consistently visit with them, and by failing to plan for their future (see Social Services Law § 384-b; Matter of Star Leslie W., 63 NY2d 136, 143 [1984]; Matter of Baby Girl C., 1 AD3d 593, 594 [2003]). Notwithstanding the persistent efforts of the Nassau County Department of Social Services to help reunite the family, the mother refused to cooperate with rehabilitation programs, repeatedly declined to submit to drug testing, and tested positive for illegal drugs on one occasion. By her actions, the mother failed to plan for her children's return (see Matter of Jolie S., 298 AD2d 194, 195 [2002]; Matter of Sarah Jean R., 290 AD2d 511, 512 [2002]; Matter of Matthew C., 227 AD2d 679, 681-682 [1996]).

The mother's argument that she was deprived of the effective assistance of counsel is without merit (see Matter of Crystal L., 36 AD3d 812 [2007]; Matter of Shaheen P.J., 29 AD3d 996, 998 [2006]). Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.