Order, Family Court, Bronx County (Sarah P Schechter, J.), entered on or about August 1, 2007, which, after fact-finding and dispositional hearings, terminated respondent-appellant father’s parental rights to the subject child on the ground of permanent neglect and committed custody of the child to petitioner and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
Petitioner demonstrated, by clear and convincing evidence, that the child was “permanently neglected” within the meaning of Social Services Law § 384-b (7) (a). We reject appellant’s contention that petitioner failed to make diligent efforts to strengthen and encourage the parent-child relationship (see § 384-b [7] [f]). To the contrary, petitioner worked with appellant to formulate a service plan, which included anger management and domestic violence programs, a parenting skills class, remaining drug free, submitting to psychological and psychiatric evaluations, maintaining a stable household, regular visitation with the child, and planning for her future apart from appellant’s teenage girlfriend. Petitioner made the appropriate referrals for appellant, who completed portions of the service plan, as well as the anger management, domestic violence and parenting skills programs, and remained drug free to the extent that his visits with the child were improved to unsupervised and overnight at his home. Petitioner worked with appellant as to what would be required to assure the child’s return to him. The fact that appellant failed to follow petitioner’s advice that he obtain the required State Central Registry clearance for his *319 girlfriend, failed to visit the child more frequently after his visitation was changed to a supervised environment at the petitioning agency, and refused to plan for the care of the child independently of his teenage girlfriend does not mean that petitioner did not meet its obligation to make diligent efforts to assist, develop and encourage a meaningful relationship between appellant and the child. An agency “is not a guarantor of a parent’s success” (Matter of Amanda R., 215 AD2d 220, 220 [1995]). The parent must assume some measure of initiative and responsibility (see Matter of Byron Christopher Malik J., 309 AD2d 669 [2003]). The agency will be deemed to have fulfilled its duty if its reasonable efforts are rebuffed by an uncooperative or indifferent parent (Matter of James X., 37 AD3d 1003, 1006 [2007]).
The court correctly determined that appellant did not plan for the child’s future, as required by Social Services Law § 384-b (7) (c). Nor did he maintain regular contact with the child. After his visits reverted to weekly — and eventually biweekly— supervised visits at the petitioning agency, appellant visited his daughter only once between January and March 2006, and did not call to cancel or confirm any of the remaining scheduled visits. Even though he did partially complete the services plan established by petitioner, he did not complete or fully benefit from the evaluations and services required by petitioner, never obtaining the required mental health evaluation, and exhibiting inability to control his anger when faced with circumstances he did not like. Most significantly, appellant failed to heed petitioner’s advice that he cease having inappropriate relationships with minors and plan for the future care of his child independently of his teenage girlfriend. The evidence clearly established that appellant failed to acknowledge and gain insight from his past mistakes, fully benefit from the services provided to him, and take responsibility for the child’s placement in foster care in the first place. Accordingly, the finding of permanent neglect was fully substantiated (see Matter of Myles N., 49 AD3d 381 [2008]).
Appellant argues alternatively that the court should have suspended judgment. However, he has not demonstrated the initiative to ameliorate the conditions that led to the child’s placement in foster care sufficient to warrant suspension of judgment (see Matter of Juan Andres R., 216 AD2d 145 [1995]). Concur — Saxe, J.E, Nardelli, Moskowitz, Renwick and Freedman, JJ.