Order of disposition, Family Court, New York County (Clark V Richardson, J.), entered on or about August 3, 2011, which, to the extent appealed from as limited by the briefs, terminated respondent mother’s parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously reversed, on the facts, without costs, the termination of the mother’s parental rights and disposition as to the child vacated, and the matter remanded to the Family Court for issuance of a suspended judgment with terms and conditions consistent with this decision.
A preponderance of the evidence shows that a suspended judgment, rather than termination of the mother’s parental rights, is in the child’s best interests (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). At the time of the dispositional hearing, the mother had fulfilled all aspects of her required service plan, including the completion of a drug treatment program and parenting skills course, a mental health evaluation, and consistent attendance at after-care programs. Although the then-three-year-old child had bonded with her foster mother, she had been placed in the foster home only V-/% years before the hearing. Further, the mother had not missed any of the biweekly visits that had been occurring since five months before the hearing, despite a four-hour round-trip commute spanning three states. It was undisputed that the quality of those visits had improved, that the child reciprocated the mother’s efforts to engage and interact with her, and that the child called the mother “mommy.”
By the end of the dispositional hearing, the mother was approaching one year of sobriety, her longest period of sobriety since she became addicted to drugs while in her teens. Moreover, she testified that she had an extensive support network in her new out-of-state home, which had helped her find consistent work, provided her with long-term transitional housing, *505 and was assisting her in obtaining permanent housing, even though these goals were not a part of her service plan. We note that there was no expert testimony or other evidence that the child would be negatively affected by reunification with the mother. We also note that the agency caseworker had never informed the mother of the child’s recently diagnosed special needs. In any event, the mother testified that her support network would help her find an appropriate school for the child. Accordingly, it cannot be said that the mother did not have a realistic, feasible plan for the child.
Given the child’s very young age, the mother’s recommencement of regular visitation, the relatively short time during which the child was placed with the foster mother, the sustained efforts on the part of a dedicated and reformed mother, and the legislature’s express desire to return children to their natural parents whenever possible (see Social Services Law § 384-b [1] [a] [ii]), the mother should have been granted a “second chance” in the form of a suspended judgment (Matter of Michael B., 80 NY2d 299, 311 [1992]; see Matter of Society for Seamen’s Children v Jennifer J., 208 AD2d 849 [2d Dept 1994]). We thus remand for issuance of a suspended judgment conditioned upon the mother’s maintenance of her sobriety, her continuation of medical treatment, and her obtainment of permanent housing and a school to serve the child’s special needs. Concur — Friedman, J.E, Catterson, Renwick, DeGrasse and Román, JJ.