# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1266**
**CAF 12-00006**, **CAF 12-00077**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF ANDIE M., FREDERICK M.
AND VONYEE M.
----------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL
SERVICES, PETITIONER-RESPONDENT;

KIMBERLY M. AND ANDREW M.,
RESPONDENTS-APPELLANTS.

MEMORANDUM AND ORDER

---

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT ANDREW M.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF
COUNSEL), FOR RESPONDENT-APPELLANT KIMBERLY M.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (SARA J. LANGAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

JAMES E. CORL, ATTORNEY FOR THE CHILDREN, CICERO, FOR ANDIE M. AND
VONYEE M.

---

Appeals from an order of the Family Court, Onondaga County (Bryan
R. Hedges, J.), entered December 13, 2011 in a proceeding pursuant to
Social Services Law § 384-b. The order, inter alia, transferred
guardianship and custody of Andie M. and Vonyee M. to petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent parents appeal from an order that, inter
alia, terminated their parental rights with respect to two of their
children pursuant to Social Services Law § 384-b on the ground of
permanent neglect, committed the custody and guardianship of those
children to petitioner, and freed them for adoption. Contrary to
respondents' contention, Family Court did not abuse its discretion in
declining to enter a suspended judgment (*see Matter of Arella D.P.-D.*,
35 AD3d 1222, *lv denied* 8 NY3d 809; *Matter of Kyle S.*, 11 AD3d 935,
936). Although the record establishes that respondents had made
progress in improving, inter alia, the deplorable conditions and other
problems existing in the family home, the progress "was not sufficient
to warrant any further prolongation of the child[ren]'s unsettled
familial status" (*Matter of Maryline A.*, 22 AD3d 227, 228). Under the
circumstances, freeing the children for adoption by the foster parents
with whom they had been residing was plainly in their best interests
(*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148; *Matter of Arron*

*Brandend C.*, 267 AD2d 107, 108; *Matter of Amanda R.*, 215 AD2d 220, 220-221, *lv denied* 86 NY2d 705).  Finally, the court properly denied posttermination visitation to respondents.  It is now well settled that a court lacks the authority to direct continuing contact between parents and their children once parental rights have been terminated pursuant to Social Services Law § 384-b (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 426, 437-438).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court