Memorandum: Respondent parents appeal from an order that, inter alia, terminated their parental rights with respect to two of their children pursuant to Social Services Law § 384-b on the ground of permanent neglect, committed the custody and guardianship of those children to petitioner, and freed them for adoption. Contrary to respondents’ contention, Family Court did not abuse its discretion in declining to enter a suspended judgment (see Matter of Arella D.P.-D., 35 AD3d 1222 [2006], lv denied 8 NY3d 809 [2007]; Matter of Kyle S., 11 AD3d 935, 936 [2004]). Although the record establishes that respondents had made progress in improving, inter alia, the deplorable conditions and other problems existing in the family home, the prog *1639 ress “was not sufficient to warrant any further prolongation of the child[ren]’s unsettled familial status” (Matter of Maryline A., 22 AD3d 227, 228 [2005]). Under the circumstances, freeing the children for adoption by the foster parents with whom they had been residing was plainly in their best interests (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Arron Brandend C., 267 AD2d 107, 108 [1999]; Matter of Amanda R., 215 AD2d 220, 220-221 [1995], lv denied 86 NY2d 705 [1995]). Finally, the court properly denied posttermination visitation to respondents. It is now well settled that a court lacks the authority to direct continuing contact between parents and their children once parental rights have been terminated pursuant to Social Services Law § 384-b (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 426, 437-438 [2012]). Present — Smith, J.P., Carni, Lindley, Sconiers and Whalen, JJ.