SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

479
CAF 13-00315
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF CORNELIUS L.N., JR. AND
LOYATIE L.L.N.
------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,        MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CORNELIUS N., SR., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF
COUNSEL), FOR RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (PETER A. ESSLEY OF
COUNSEL), FOR PETITIONER-RESPONDENT.

STEVEN B. LEVITSKY, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Dandrea
L. Ruhlmann, J.), entered January 30, 2013 in a proceeding pursuant to
Social Services Law § 384-b.  The order terminated the parental rights
of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent father appeals from an order that
terminated his parental rights with respect to the subject children.
The father does not dispute that he violated the terms and conditions
of the suspended judgment, but he contends that Family Court should
have extended the suspended judgment for another year.  However, the
father "failed to demonstrate that 'exceptional circumstances'
required extension of the suspended judgment" (*Matter of Demario J.*,
61 AD3d 1437, 1438, quoting Family Ct Act § 633 [b]; *see Matter of
Lestariyah A. [Demetrious L.]*, 89 AD3d 1420, 1420-1421).  Thus, the
court did not abuse its discretion in refusing to extend the suspended
judgment (*see Lestariyah A.*, 89 AD3d at 1420-1421; *Matter of Jonathan
J.*, 47 AD3d 992, 993, *lv denied* 10 NY3d 706).

The father's contention that petitioner did not make significant
efforts to reunite him with the children is not properly before us
inasmuch as "it was conclusively determined in the prior proceedings
to terminate [the father's] parental rights" (*Matter of Ronald O.*, 43
AD3d 1351, 1351).  We note in any event that the father admitted to
the permanent neglect of the children and consented to the entry of
the suspended judgment, "and thus no appeal would lie therefrom

because [the father was] not aggrieved, based on [his] consent" (*id.* at 1352; *see Matter of Moniea C.*, 9 AD3d 888, 888; *Matter of Cherilyn P.*, 192 AD2d 1084, 1084, *lv denied* 82 NY2d 652).

Entered:  May 2, 2014                                      Frances E. Cafarell
                                                           Clerk of the Court