■ In the Matter of STARLAYLAH C., a Child Alleged to be Permanently Neglected. JOSEPHINE F., Appellant; LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent. [19 NYS3d 41]—

Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about January 10, 2014, which, upon a fact-finding determination that respondent mother had permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The mother failed to preserve her due process arguments and, in any event, her arguments are unavailing (*see Matter of Rodney W. v Josephine F.*, 126 AD3d 605, 606 [1st Dept 2015], *lv dismissed* 25 NY3d 1187 [2015]). Her attorneys were relieved due to her own misconduct, "and she effectively exhausted her right to assigned counsel" (*id.*). Further, Family Court sufficiently advised the mother of the risks of self-representation (*People v El*, 250 AD2d 395, 396 [1st Dept 1998], *lv denied* 92 NY2d 851 [1998]), and it had no obligation to assist the mother in litigating her defense (*see e.g. Perez v Time Moving & Stor.*, 28 AD3d 326, 329 [1st Dept 2006], *lv dismissed* 7 NY3d 862 [2006]).

Family Court providently exercised its discretion in denying the mother's request for an adjournment, as the mother gave no indication that she intended to retain counsel (*see Matter of Sara KK.*, 226 AD2d 766, 767 [3d Dept 1996], *lv denied* 88 NY2d 808 [1996]).

The finding of permanent neglect is supported by clear and convincing evidence that, despite the agency's diligent efforts to strengthen the mother's relationship with the child, she failed during the relevant time period to plan for the child's future (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). The record shows that the agency, among other things, arranged scheduled visitation with the child and provided referrals for required counseling programs, but the mother failed to cooperate (*see e.g. Matter of Travis Devon B.*, 295 AD2d 205, 205 [1st Dept 2002]).

A preponderance of the evidence supports Family Court's determination that termination of the mother's parental rights is in the child's best interests (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The child has bonded with her kinship foster mother and the foster mother's son, with whom she has resided for more than five years. The foster mother wants to adopt the child, and the child has thrived in the foster home (*see Matter of Travis Devon B.*, 295 AD2d at 205). Further, Family Court suspended the mother's visitation with the child due to the mother's belligerent behavior, and the mother failed to cooperate with the agency.

We have considered the mother's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.