# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1053**
**CAF 15-00376**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF TRINITY E.
------------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,  MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

ROBERT E., RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR RESPONDENT-APPELLANT.

MICHAEL E. DAVIS, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF COUNSEL), FOR PETITIONER-RESPONDENT.

PAUL B. WATKINS, ATTORNEY FOR THE CHILD, FAIRPORT.

---

Appeal from an order of the Family Court, Monroe County (Patricia E. Gallaher, J.), entered February 4, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ORDERED that the order of disposition so appealed from is unanimously vacated on the law without costs, the motion for recusal is granted, and the matter is remitted to Family Court, Monroe County, for a new dispositional hearing in accordance with the following memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent father appeals from an order of disposition terminating his parental rights with respect to the subject child. At the conclusion of the fact-finding hearing, Family Court made a finding of permanent neglect and thereafter issued an order finding permanent neglect and scheduling a dispositional hearing. The day after the finding of permanent neglect, the father made a death threat directed toward the court, the Attorney for the Child, the caseworker, and the police. The father was charged with making a terroristic threat (Penal Law § 490.20), and an order of protection was issued against the father in favor of the court. The father now contends that the court abused its discretion in denying his subsequent recusal motion following the finding of permanent neglect and in presiding over the dispositional hearing. We agree. It is well settled that, "[a]bsent a legal disqualification under Judiciary Law § 14, a . . . Judge is the sole arbiter of recusal" (*People v Moreno*, 70 NY2d 403, 405), and the decision whether to recuse is committed to his or her discretion (*see id.* at 406; *Matter of McLaughlin v McLaughlin*, 104 AD3d 1315, 1316, *rearg denied* 112 AD3d 1385). Under these circumstances, and particularly in view of the order of protection, we

conclude that the court abused its discretion in refusing to recuse itself (*see generally People v Warren*, 100 AD3d 1399, 1400).  We therefore vacate the dispositional order, grant the recusal motion (*see generally Matter of James V.*, 302 AD2d 916, 918), and remit the matter to Family Court for a new dispositional hearing before a different judge (*see Matter of Jasmine H.*, 270 AD2d 950, 951).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court