■ In the Matter of DESMOND SINCLAIR G., a Child Alleged to

be Abandoned. BRIDELEE G., Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent. [608 NYS2d 412] — Order of disposition, Family Court, New York County (Mary E. Bednar, J.), entered July 15, 1992, which terminated the parental rights of respondent-appellant on grounds of abandonment and transferred custody and guardianship of the child to petitioner for purposes of adoption, unanimously affirmed, without costs.

In the instant case, where the child was placed with a foster family two weeks after birth and has resided with them since, the Family Court found that respondent failed to visit her son or communicate with him for a year prior to the filing of the petition, despite the fact that she knew the name and address of the agency. Moreover, the agency did not discourage or prevent her from communicating with the child, but rather continually requested respondent's mother, who visited the child and was in contact with the agency, to communicate with respondent. Furthermore, respondent failed to offer an excuse for her lack of contact with her son. During her year's absence, she voluntarily left the State to live elsewhere. In addition, while she had the wherewithal to remain in contact with her mother via telephone during that time period, she failed to telephone the agency or the foster mother with whom her son had been placed. Respondent's contention that she believed that her mother would be able to care for the child does not constitute good cause sufficient to excuse her failure to communicate with her son since she was aware that her mother was not a viable resource for the child. In this regard, respondent knew that her mother had a pending case with the agency. Nor does her contention that she needed time to deal with drug problems excuse her from failing to communicate (Matter of I. R., 153 AD2d 559, 561; see, Social Services Law § 384-b [7] [d] [i]). Notably, she did not attempt to seek treatment during this period or introduce evidence to justify her claim. Moreover, contact with the child by respondent's mother may not be attributed to respondent for purposes of determining parental interest (Matter of Thomas G., 165 AD2d 729). While respondent resumed visitation with the child and has enrolled in various self-improvement programs, she admitted using cocaine and marijuana on two separate occasions while enrolled in a drug program. Further, she is living with a reformed drug addict in an apartment unsuitable for the child. Most importantly, she and the child have no real relationship. Thus, there was a sufficient basis to support the court's determination (Matter of Star Leslie W., 63 NY2d 136, 147-

148). While respondent alternatively argues that the court should have entered a suspended judgment, respondent has not demonstrated that she has taken sufficient steps "to ameliorate the conditions which led to [the child's] placement in the first place" *(Matter of Christina Jeanette C.,* 168 AD2d 351, 352). Concur—Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.