Matter of A'riana D.N. (Ashley N.) (2018 NY Slip Op 06809)





Matter of A'riana D.N. (Ashley N.)


2018 NY Slip Op 06809


Decided on October 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 11, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Oing, JJ.


7304

[*1]In re A'riana D.N., also known as Ariana N., A Dependent Child Under the Age of Eighteen Years, etc., Ashley N., Respondent-Appellant, The Children's Aid Society, etc., Petitioner-Respondent, Commissioner of the Administration for Children's Services, Petitioner.


Steven N. Feinman, White Plains, for appellant.
Rosin Steinhagen Mendel, The Children's Aid Society, New York (John Cappiello of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about June 12, 2017, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children Services for the purpose of adoption, unanimously affirmed, without costs.
The determination that it was in the child's best interests to terminate the mother's parental rights and free her for adoption is supported by a preponderance of the evidence (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The mother did not demonstrate that she was close to completing her service plan or had a realistic plan to provide the child with an adequate and stable home (see Matter of Malachi P. [Georgette P.], 142 AD3d 883, 884 [1st Dept 2016]).
Rather, the record showed that the mother failed to sufficiently engage in services, including required mental health evaluation and services, and domestic violence survivor services. She also failed to secure employment and housing, and lacked the capacity to guarantee the child's safety and welfare, especially in light of the child's special needs. The mother had taken insufficient steps to ameliorate the conditions that led to the child's placement in foster care, and her inconsistent efforts toward compliance with her service plan do not warrant a suspended judgment (see Matter of Maryline A., 22 AD3d 227 [1st Dept 2005]; Matter of Desmond Sinclair G., 202 AD2d 156, 158 [1st Dept 1994]). Furthermore, the record shows that the child has
been residing with the foster parents for several years, and that they have met her special needs and she is thriving in their care (see Matter of Fernando Alexander B. [Simone Anita W.], 85 AD3d 658, 659 [1st Dept 2011]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 11, 2018
CLERK